Kathleen Davidson CHESS, etc., Plaintiff,

v.

Charles NUNLEY, Defendant.

Civ. A. No. 2577.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 16, 1970.

Thomas L. Rasnic, Slaughter & Jackson, Bristol, Tenn., for plaintiff.

Jackson C. Raulston, Raulston & Hagan, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by a surviving widow to recover money damages for the wrongful death of her husband. The Court's jurisdiction is invoked under 28 U.S.C. § 1343, 42 U.S.C. § 1983. The defendant has moved the Court to dismiss the complaint, on the ground that this Court lacks jurisdiction of the subject matter, Rule 12(b) (1), Federal Rules of Civil Procedure, in that there is no right of action under federal law for wrongful death: *i. e.*, that a surviving spouse cannot maintain a civil rights action for the wrongful death of the deceased spouse of the survivor. The defendant's motion lacks merit.

While 42 U.S.C. § 1983 does not provide any action for wrongful death, this statute accords a right of action to a person deprived of his rights; and by 42 U.S.C. § 1988 the Congress has adopted as the federal law the effective state law on the general right of survival. Brazier v. Cherry, C.A.5th (1961), 293 F.2d 401, 405[3], certiorari denied (1961), 368 U.S. 921, 82 S.Ct. 243, 7 L. Ed.2d 136. Under Tennessee law, a right of action which a person whose death is caused by wrongful act would have had against the wrongdoer, if death had not ensued, passes to his widow. T.C.A. § 20–607.

Although 42 U.S.C. § 1988 and T.C.A. § 20–607 are not pleaded by the plaintiff specifically, she claims that the defendant, while a police officer of Kingsport, Tennessee, and acting under the color of Tennessee law, came unlawfully upon the property of her decedent and committed an unlawful assault and battery upon him which resulted in his death, thereby depriving Mr. Chess of his rights under the federal Constitution, Fourth, Fifth and Fourteenth Amendments. These facts set forth in the complaint gave this Court jurisdiction without the specific pleading of the applicable statutes. Williams v. United States, C.A.9th (1969), 405 F.2d 951, 954 [1].

Thus, it appears that the action of the plaintiff against the defendant Tennessee police officer for the wrongful death of her husband, allegedly resulting from violations of the federal civil rights statutes, give rise, by virtue of the Tennessee survival statute, to a federally-enforceable claim by his surviving widow for damages sustained during his lifetime. The motion of the defendant, therefore, hereby is

Denied.